# WALTER C. BANSLEY
ATTORNEY AT LAW*
665 FOXON ROAD
SUITE 203
EAST HAVEN, CONNECTICUT 06513
(203) 469-7945
(203) 469-8361 *(fax)*
Bans3@aol.com *(email)*
**BANSLEYLAW.COM**

*ALSO ADMITTED GA

JENNIFER DEMAIO, PARALEGAL

October 28, 2002

The Honorable Richard M. Rittenband
Superior Court for the State of Connecticut
Judge's Chambers
100 Washington Street
Hartford, CT 06106

Re: *Mark Mason v. Warden - CV-02-814191*

Dear Judge Rittenband:

I write with respect to the above referenced Habeas matter and in response to your letter of October 23, 2002 by which you advised that Mr. Mason is dissatisfied with my representation and also by which you requested that I furnish you with the status of Mr. Mason's case. Although I do not believe that the attorney client privilege permits me to disclose the actual status of Mr. Mason's case without an express waiver by Mr. Mason, I believe I can advise your honor regarding factual matters. I also do not feel comfortable having *ex parte* communications with the trial judge and as such, I do not feel that I can be as candid as I prefer, but I do feel compelled to respond to your honor's letter.

I was only appointed to represent Mr. Mason as a Special Public Defender on July 15, 2002. On July 13, 2002, which, as you will note, was 2 days prior to me being appointed to represent Mr. Mason, I forwarded lengthy letter to Mr. Mason detailing my understanding of the law regarding Habeas matters and outlining several matters that I thought were specific to Mr. Mason's case. Pursuant to this letter, I needless to say, furnished Mr. Mason with my business address and telephone number. Per said letter, I also requested that Mr. Mason supply me with a summary of

bases upon which he filed the Habeas action and the facts upon which he was relying. I further advised Mr. Mason that at that time I was not "officially" his counsel, but that I anticipated that the court would in the near future grant the Public Defender's Motion that I be appointed as his Special Public Defender and that as such, it would be beneficial if he could furnish the requested information as soon as possible.

Notwithstanding the foregoing, I made arrangements on July 13, 2002 to visit Mr. Mason at the Osborn Correctional Institution on July 15, 2002 at about noontime. As a result of being delayed in court and also due to traffic congestion, I did not arrive at the Osborn Correctional Institution until 1:15 p.m. I was not permitted a visit with Mr. Mason on July 15, 2002 due presumably to the bureaucracy of the specific facility as I was told by the intake Corrections Officer that I was "too late" for the visit. I asked that the Corrections Officer inform Mr. Mason that I was present but was not permitted entrance. Upon returning to my office, I forwarded a short letter to Mr. Mason informing him that I was denied entrance for a visit and again asked that he furnish me with the information requested by my letter of July 13, 2002. Needless to say, it was very frustrating being denied entrance to the facility after driving from New Haven to Somers particularly since the trip is not compensated for in any manner.

On September 4, 2002, I forwarded a letter to Mr. Mason again asking that he forward all the information I requested and also made it known that I preferred to have the information prior to arranging a meeting because in my opinion we could have a more productive meeting if I had the benefit of the information to consider before our first meeting. I stressed that I needed this information as soon as possible as my time was limited because I was due to start a murder trial at the beginning of October, 2002 and that the murder trial would take up a great deal of time. On October 8, 2002, I again forwarded a letter to Mr. Mason again asking for the information requested by my letter of July 13, 2002. Per said letter, I again enclosed a copy of the July 13, 2002 letter. In accordance with this letter, I pointed out to Mr. Mason how difficult Habeas actions are in general, but how particularly difficult they are for "guilty" plea cases. In addition to the foregoing, I have secured and reviewed a copy of Mr. Mason's file from the Habeas Corpus Unit for the Office of the Chief Public Defender and have reviewed the same. To date, I have not been able to secure a copy of Mr. Mason's trial counsel's file since he has refused or neglected to return the authorization I forwarded that would permit me to do so.

To date, I have received **no** communications **at all** from Mr. Mason with the exception of his express complaint through your honor that he is concerned about my apparent "lack of interest and investigation." I find it interesting that after several letters, Mr. Mason apparently "lacked interest" in communicating with me regarding his case and instead of doing so decided to communicate directly with the Habeas trial judge for the Judicial District in which his case is filed.

I note that in your letter of October 23, 2002, you stated that Mr. Mason opined that he has a "valid petition and wants to go to trial." Perhaps, Mr. Mason should express the basis for his opinions to his attorney so perhaps his attorney could share in his enthusiasm for his case. In light of the foregoing, I must now state that I no longer interested in representing Mr. Mason and more

importantly simply do not believe I can do so in good faith given his letter of complaint against me, which I consider to be defamatory in nature.

Please be advised that I served on active duty with the United States Marine Corps from 1972 through 1992 at which I retired and moved to Connecticut. I was a Marine judge advocate from 1981 through my retirement. Please find enclosed a copy of my written evaluations as a Marine judge advocate that will provide some insight as to what others thought of my abilities as an attorney. Until I received your letter of October 23, 2002, I had **never** had a complaint filed against me by a client or anyone else for that matter.

Given the complaint filed by Mr. Mason and the fact that he never attempted to communicate with me regarding his case, I feel I have no other choice than to file Motion to Withdraw from representing Mr. Mason. Since Mr. Mason chose to file a defamatory complaint with your honor against me rather than first communicating his concerns with me regarding the purported basis for his "valid petition," I have no insight as to the basis for his opinion that I apparently "lack interest" in his case. Although prior to your letter of October 23, 2002, I believe I maintained an adequate level of interest in Mr. Mason's case given the totality of the circumstances then present, I now have **no** interest at all in the above referenced case due to the adversarial relationship that Mr. Mason has created between us. It is patently obvious and self evident that the attorney client relationship in this matter has been irrevocably broken.

If your honor requires documentation regarding the assertions made herein, I will gladly furnish your honor with copies of all documents referenced herein upon receipt of an authorization from Mr. Mason directing that I do so.

As a sidelight, in the case of *Angel Cabellero v. Warden*, I attempted to visit my client on October, 2002. I had faxed a request to visit Mr. Cabellero earlier in the day requesting permission to visit him at **about** 6:00 p.m. On the evening of October 16, I was delayed at work for fifteen minutes and then encountered heavy traffic congestion from New Haven due to the evening rush hour, but also because we were experiencing very heavy rains at the time. As a result, I arrived at the Northern Correctional Facility just before 7:00 p.m. to be advised that I was "too late" for the visit as my "appointment" was at 6:00 p.m.. Notwithstanding my complaint at the time, I was, in fact, denied access to my client. In my opinion, there appears to be a "game" at some correctional facilities to "screw" with lawyers representing Habeas inmates. My opinion may be unfounded, but it is certainly the perception I have and this combined with the meager compensation furnished by the State of Connecticut has resulted in my decision to not accept any additional Special Public Defender appointed cases.

For the foregoing reason and also due to some other opinions I have that would be professional to express herein, I have no choice but to withdraw as Mr. Mason's counsel. If you are inclined to respond to Mr. Mason, I respectfully suggest that you recommend to Mr. Mason that in the future that perhaps he should try to communicate with his counsel before he considers it appropriate to file a complaint with the trial judge.

3

Thank you for your attention to this matter and if you have any questions, please do not hesitate to contact me.

Sincerely,


Walter C. Bansley

WCB/sf

cc:  Office of the Chief Public Defender, Habeas Corpus Unit
     Mark Mason