UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2004 JAN -8  P 2: 56

US DISTRICT COURT
BRIDGEPORT CT

MARK ALAN MASON,
    Petitioner

V.

WARDEN STRANGE
JOHN ROWLAND,
    Respondents

PRISONER
Case No.  3:03CV692 (PCD)

## RULING AND ORDER

The petitioner is currently an inmate at the Osborn Correctional Institution in Somers, Connecticut.  He brings this action pro se for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his January 2001 state court conviction.  For the reasons set forth below, the petition will be dismissed without prejudice.

### Procedural Background

In January 2001, in the Connecticut Superior Court for the Judicial District of Danbury, the petitioner pleaded guilty to one count of assault on a police officer or fire official.  (See Am. Pet. Writ Habeas Corpus at 2.)  The court sentenced the petitioner to three years of imprisonment.  (See id.)  The sentence was to be served consecutively to his current sentence.  (See id.)  The petitioner did not appeal his conviction.  (See id. at 3.)  Approximately, one year later, in January 2002, the petitioner filed a habeas petition in the Connecticut Superior Court for the Judicial

District of Hartford raising claims of ineffective assistance of counsel and newly discovered evidence. (See id.) That petition is still pending. (See id.) On July 22, 2003, the petitioner filed an amended petition for writ of habeas corpus in this action.

## Standard of Review

A prerequisite to habeas relief under section 2254 is the exhaustion of all available state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509, 510 (1982); Daye v. Attorney General of the State of New York, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1982); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is not jurisdictional; rather, it is a matter of federal-state comity. See Wilwording v. Swenson, 404 U.S. 249, 250 (1971) (per curiam). The exhaustion doctrine is designed not to frustrate relief in the federal courts, but rather to give the state court an opportunity to correct any errors which may have crept into the state criminal process. See id. Ordinarily, the exhaustion requirement has been satisfied if the federal issue has been properly and fairly presented to the highest state court either by collateral attack or direct appeal. See O'Sullivan, 526 U.S. at 843 (citing Brown v. Allen, 344 U.S. 443, 447 (1953)). "[T]he exhaustion requirement mandates that federal claims be presented to the highest court of the pertinent state before a federal court may consider the

petition." Pesina v. Johnson, 913 F.2d 53, 54 (2d Cir. 1990).

The Second Circuit requires the district court to conduct a two-part inquiry. First, the petitioner must have raised before an appropriate state court any claim that he asserts in a federal habeas petition. Second, he must "utilize[] all available mechanisms to secure appellate review of the denial of that claim." Lloyd v. Walker, 771 F. Supp. 570, 573 (E.D.N.Y. 1991) (citing Wilson v. Harris, 595 F.2d 101, 102 (2d Cir. 1979)). A petitioner must present his federal constitutional claims to the highest state court before a federal court may consider the merits of the claims. See Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan, 526 U.S. at 845.

## Discussion

The petitioner raises two claims in his amended petition.[1] He claims that the Department of Correction has denied him access to courts because prison officials at various institutions have failed to provide him with legal materials and access to a law library and have interfered with his access to his court-appointed attorney. He

---

[1] The petitioner includes a third claim for relief, but in fact that ground is really an argument that he should not be required to exhaust his state remedies because those remedies are inadequate or unavailable. (See Amended Pet. at 8.)

also claims that he has been denied due process because the state court is so backlogged that he cannot get a fair and timely hearing on his state habeas petition.

The petitioner does not allege that he has attempted to exhaust his state court remedies as to the first ground for relief. As to the second ground for relief, the petitioner contends that he should not be required to exhaust his state court remedies as to the claims raised in his state habeas petition because those remedies are inadequate. The Supreme Court has cautioned that an exception to the exhaustion requirement is appropriate only where there is no opportunity to obtain redress in state court or where the state corrective procedure is so clearly deficient that any attempt to obtain relief is rendered futile. See Duckworth v. Serrano, 454 U.S. 1, 3 (1981). In determining whether the petitioner has been deprived of due process because of delay, courts consider the factors set forth in Barker v. Wingo, 407 U.S. 514 (1972). See, e.g., United States v. Mohawk, 20 F.3d 1480, 1485 (9th Cir. 1994); Cody v. Henderson, 936 F.2d 715, 717-18 (2d Cir. 1991). Those factors include the length of the delay, the reason for the delay, whether the petitioner asserted his rights, and whether the petitioner will suffer any prejudice as a result of the delay. See Barker, 407 U.S. at 530. "In determining whether a delay of a prisoner's appeal violates due process . . . no one factor is dispositive and all are considered together with the relevant circumstances." Simmons v. Reynolds, 898

F.2d 865, 868 (2d Cir. 1990). In cases concerning delay of post-trial proceedings, the courts also consider the interests of federal-state comity. See, e.g., Brooks v. Johnson, 875 F.2d 30, 32 (2d Cir. 1989).

The first factor that the court must consider is the length of the delay. The copy of the petition for writ of habeas filed by the petitioner in state court is dated January 13, 2002, and was assigned a case number of CV-02-814191. (See Attachments to Pet. Writ Habeas Corpus.) The petitioner does not explain why he waited a year after the court sentenced him to file a state habeas petition. On July 15, 2002, Attorney Walter Bansley was appointed by the court to represent the petitioner in his habeas petition. (See Am. Pet. Writ Habeas Corpus, Ex. B.) In a letter to the state judge assigned to the habeas petition, Attorney Bansley indicated that he had attempted to meet with the petitioner on the day he was appointed, but Department of Correction officials denied him entrance to the prison facility for the visit. (See id.) Attorney Bansley also stated that during the three month period beginning on July 15, 2002, he sent at least three letters to the petitioner seeking information concerning the bases of the state habeas petition. (See id.) Attorney Bansley also asked the petitioner to sign an authorization to permit him to review files from the petitioner's criminal case. (See id.) As of October 28, 2002, Attorney Bansely had received no communication from the petitioner. (See id.)

In December 2002, Attorney Bansley withdrew as counsel for the petitioner and the court appointed Attorney Haims to represent the petitioner. In February 2003, the petitioner received several letters from newly appointed counsel concerning authorizations for medical and criminal files and transcripts from his criminal case. (See id. at Ex. D, E.) In March 2003, the petitioner received a letter from Attorney Haims stating that the Superior Court for the Judicial District of Hartford had suspended all habeas hearings until further notice due to staff shortages and budgetary constraints. (See Attachments to Pet. Writ Habeas Corpus.) Attorney Haims sent the petitioner two letters dated April 14, 2003. In one letter, counsel indicated that the Superior Court had resumed hearing habeas petitions. (See Am. Pet. Writ Habeas Corpus, Ex. A.) In the other letter, counsel noted that petitioner had just returned the records releases necessary to enable counsel to review prior counsel's files. (See Am. Pet. Writ Habeas Corpus, Ex. F.) Counsel indicated that he did not think the suspension of habeas matters had in any way affected the prosecution of the petitioner's habeas petition. (See id.)

The petitioner's state habeas petition has been pending for less than two years. In addition, in response to the court's order to show cause, the respondent has indicated that the state court had set a date for a hearing in the petitioner's state habeas for December 4, 2003 and a date for filing Anders briefs. In light of other

decisions within this circuit, a delay of less than two years cannot be considered excessive or inordinate. See Ralls v. Manson, 503 F.2d 491, 493-94 (2d Cir. 1974) (three and one-half year delay in processing criminal appeal "not the equivalent of a complete absence of effective state appellate process"); Mims v. Leblanc, No. CIV. A. 97-3935, 1998 WL 118130, at *2 (E.D. La. Mar. 13, 1998) (holding that fourteen month delay in processing of late appeal was "unfortunate, but not so extreme or unreasonable as to violate due process"). But see, e.g., Muwwakkil v. Hoke, 968 F.2d 284, 285-86 (2d Cir.) (holding that thirteen year delay in appeal violated due process), cert. denied, 506 U.S. 1024 (1992); Mathis v. Hood, 937 F.2d 790 (2d Cir. 1991) (six year delay of direct appeal excessive); Diaz v. Henderson, 905 F.2d 652 (2d Cir. 1990) (seven year delay of direct appeal excessive). Furthermore, a delay that is considered inexcusable in a direct appeal, may be permissible in a collateral proceeding. Cf. Pennsylvania v. Finley, 481 U.S. 551, 555-59 (1987) (discussing difference between direct appeal and collateral state proceedings with regard to right to counsel).

Because this circuit has held that the three and one-half year delay in the direct appeal in Ralls did not violate due process, the less than two year delay in the petitioner's state habeas corpus action cannot be said to violate his right to due process. The court notes, however, that in other circumstances in which the delay in

hearing a state petition for writ of habeas corpus renders the final disposition of the petition or the appeal of the petition moot, such a delay might be considered excessive and permit the granting of a federal petition on due process grounds.

Another factor is whether the petitioner asserted his rights. The petitioner must make some attempt to expedite the proceedings. See Osden v. Moore, 445 F.2d 806, 807 (1st Cir. 1971) (petitioner repeatedly attempted to expedite court action by letters to court and counsel). Here, the petitioner fails to allege that he made any attempt to expedite the disposition of his state habeas petition. He does not allege that he made his attorney aware of his concerns regarding the fact that he may be discharged before his habeas petition is heard in state court. In addition, the petitioner's failure to respond to the multiple requests for information from his first attorney and significant delay in submitting authorization forms to his second attorney appear to have hindered the progress of his case rather than to have expedited it. Thus, the petitioner has failed to allege that he made sufficient attempts to expedite the proceedings in his state habeas matter.

The court also considers whether the petitioner will suffer any prejudice as a result of the delay. In Cousart v. Hammock, 580 F. Supp. 259, 268-69 (E.D.N.Y. 1984), aff'd, 745 F.2d 776 (2d Cir. 1984), the court indicated that an impaired ability to defend at retrial because of lost witnesses or lost evidence demonstrated

prejudice as a result of delay in perfecting the appeal. The petitioner simply states that his state petition may not be heard before he is to be released in February 2004. First, the petitioner has not alleged or provided evidence that his state habeas petition will not be heard prior to his estimated release date in February 2004. In fact, counsel for the respondent has represented to the court that the state habeas was scheduled for a hearing on December 4, 2003. In addition, the petitioner's state habeas petition will not be rendered moot if he is released from prison prior to a hearing. See Barlow v. Lopes, 201 Conn. 103, 105 n.2 , 513 A.2d 132, 134 (1986) ("petitioner was in custody when he filed his petition for writ of habeas corpus. He has been discharged but his appeal [of the ruling denying the petition] is not moot."); Smith v. Commissioner of Correction, 65 Conn. App. 172, 176, 782 A.2d 201, 203 (2001) ("It is clear that a petition for writ of habeas corpus, if filed while the petitioner is in custody, is not rendered moot by the expiration of the petitioner's sentence.") (citations omitted). Thus, the court concludes that the petitioner has failed to sufficiently identify any prejudice created by the delay in ruling on his state habeas petition.

Evaluation of the Barker v. Wingo factors in this case indicates that the petitioner has not been denied due process because of the delay in the disposition of his state habeas petition. The court cannot conclude that the less than two year delay

in the petitioner's state habeas corpus action is unreasonable or that pursuit of the petition for writ of habeas corpus in state court is necessarily futile. Accordingly, the petitioner is not excused from exhausting his state remedies before proceeding in federal court.

## Conclusion

The amended petition for writ of habeas corpus [doc. # 9] is DISMISSED without prejudice for failure to exhaust state court remedies as to any claim raised in the petition.[2] The petitioner may re-file his federal habeas petition after he has exhausted his state court remedies. The Motions [docs. ## 7, 10, 11] pending in this case are DENIED as moot. The Clerk is directed to enter judgment and close this case.

The Supreme Court has recently held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a [certificate of

---

[2] The court notes that the Second Circuit has cautioned the district courts not to dismiss a mixed petition containing exhausted and unexhausted claims where an outright dismissal would preclude the petitioner from having all of his claims addressed by the federal court. The Second Circuit advised the district court to stay the petition to permit the petitioner to complete the exhaustion process and return to federal court. See Zarvela v. Artuz, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court "where an outright dismissal 'could jeopardize the timeliness of a collateral attack.'"). Zarvela is inapplicable to this case because this is not a mixed petition. None of the claims have been exhausted.

> appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). In addition, the Court stated that, [w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. This court concludes that a plain procedural bar is present here; no reasonable jurist could conclude that the petitioner has exhausted his state court remedies or that the petitioner should be permitted to proceed further. Accordingly, a certificate of appealability will not issue.

SO ORDERED this 6th day of January, 2004, at New Haven, Connecticut.

_____
Peter C. Dorsey
United States District Judge